## SHARP v. THE STATE OF IOWA.

The transcript of the proceedings upon the *record*, mentioned in section 3273 of the Code, which provides that upon the making of an order granting a change of venue, the clerk must make out and certify a transcript of all the proceedings appearing upon the record of the court, &c., relates to the entries made in what is known as the "record book," under section 145, which, with the other books therein mentioned, and the papers in the different causes, constitute the records of the court.

Where the plaintiff in error, on the 18th day of April, 1856, was indicted for murder in the Delaware District Court, and on the same day was arraigned, and obtained a change of venue to the county of Dubuque ; and where, after the venue was changed, the clerk of the court made out a certified copy of the record entry, the finding of said indictment, defendant's application for the change of venue, and the order granting the same, which transcript, together with the indictment, and other papers, were placed in an envelope, and by the clerk of said Delaware District Court, presented and filed, in term time, in the Dubuque District Court, the clerk of the latter court indorsing the filing of the same with him, on the outside of the envelope ; and where

the indictment was not attached or annexed to the transcript, nor were any papers so deposited by the clerk of Delaware county, marked as filed in the Dubuque District Court, except by the indorsement of filing made on said envelope; and where it appeared from the record, that the indictment was found at the "March term, 1856, of the Delaware District Court, begun and held by adjournment, on the 15th day of April, 1856," and that it had been regularly presented as a true bill by the grand jury, and regularly marked as filed by the clerk of that court, as required by the Code; and where the defendant at the ensuing May term of the Dubuque District Court, was tried and found guilty of murder in the second degree, and after verdict, filed his motion in arrest of judgment, on the ground that the Dubuque District Court had no jurisdiction over the case, and that, under the circumstances, it was irregular to put the defendant on his trial, which motion was overruled; *Held*, That these objections could not avail after verdict, and that the motion was properly overruled.

Whether the term of court is a special term, as provided for by section 1569 of the Code, or a continuance of the regular term (that having been adjourned over), it is competent for the grand jury, if impanneled, to inquire into offences.

It is not necessary that a transcript from the District Court, should show affirmatively, when, or how, or under what circumstances, the regular term of that court was adjourned.

This court will not presume against the regularity of the proceedings, after verdict, as to those matters which the law does not require to be incorporated in, or shown by, the transcript.

*Error to the Dubuque District Court.*

ON the 18th day of April, 1856, the plaintiff was indicted in the Delaware District Court, for the murder of one Joshua F. Stout. On the same day, he was arraigned, and filed his written plea of not guilty. He then applied for and obtained a change of venue to the county of Dubuque, and at the May term in that county, was tried, found guilty of murder in the second decree, and sentenced to imprisonment in the penitentiary for ten years. After verdict, he filed his motion in arrest of judgment, which was overruled. The overruling of this motion, is the only error now assigned. The facts material to the consideration of the questions arising on this motion, will be found in the opinion of the court.

*W. T. Barker*, for the plaintiff in error.

*D. C. Cloud*, attorney-general, and *B. M. Samuels*, for the state.

WRIGHT, C. J.—It appears from the record, that this indictment was found, at what is styled in the transcript, "an adjourned term," of the Delaware District Court.   After the venue was changed, the clerk of the court made out a certified copy of the record entry of the finding of said indictment, of defendant's application for said change, and the order granting the same.   This transcript, together with the "indictment and other papers," were placed in an envelope, and by the clerk of said Delaware court, "presented and filed," in term time, in the Dubuque District Court, the clerk of the latter court indorsing the filing of the same with him, on the outside of the envelope.   The indictment was not attached or annexed to the transcript, nor were any of the papers, so deposited by the clerk of the Delaware court, marked filed in the Dubuque court, except by the indorsement of filing aforesaid, on said envelope.   The indictment, appears, however, to have been regularly presented as a true bill, by the grand jury of Delaware county, and regularly marked as filed by the clerk of that court, in strict accordance with the Code.

The counsel for the defendant now claim, that under these circumstances, the District Court of Dubuque county, had no jurisdiction, and that the motion in arrest, should, for that reason, have been sustained.   Many grounds are assumed to sustain this general proposition, the most material of which, we now proceed to notice.

The first objection involves a construction of section 3273 of the Code, which provides, that upon the making of an order, granting a change of venue, "the clerk must make out and certify a transcript of all the proceedings appearing upon the record of the court, which, together with the indictment and all the papers in the cause, must be transmitted to the clerk of the court to which the venue has been changed."   Under this section, it is claimed, that the clerk, instead of transmitting the original indictment, should have

sent a copy, and retained the original in his office, and that the court had no power to try the defendant on the original, so transmitted. We do not think this position is tenable. The "transcript of the proceedings upon the record," mentioned in this section, we think, relates to the entries made in what is known as the "record book," under section 145 of the Code, which, with the other books therein mentioned, and the papers in the different causes, constitute the records of the court. Any other construction, would require him to make a transcript of the record, indictment, and all the papers, and to transmit this, as well as all the original papers, including the original indictment. This construction, we think, is unwarranted; nor do we think the legislature could well have employed more appropriate language, to define the duties of the clerk, in this respect.

It is next claimed, that the indictment, not being attached or annexed to the transcript or other papers, there was nothing to identify it; and that it was therefore, irregular, to put the defendant on his trial thereon. In considering this, as well the other objections urged, it must be borne in mind, that they were raised for the first time after plea, application for change of venue, trial, and verdict, and whatever force many of them might have had, if urged before trial, we are clear that they cannot avail after verdict. It is true, that the defendant should be tried upon the indictment, and none other, which was presented by the grand jury of Delaware county. Can there be any reasonable doubt but that he was so tried? Here we have the original indictment, with all of the necessary statutory indorsements, properly signed by the prosecuting attorney of the proper county, deposited with the clerk of the Dubuque court, with a certified copy of the proceedings from the "record book," and upon this indictment, the defendant goes to trial, without any suggestion or objection, that it is not the "true bill," found by the grand jury of Delaware county. And while it is true, that no presumption shall obtain against the prisoner, it is equally true, that courts should not indulge in unreasonable presumptions in his favor. It would have been better for the

clerk to have attached the papers all together, so as to have removed all possibility of controversy in this respect; and we may say again, as we have heretofore, that more care in the making up, and transmission, of papers and records, is imperatively demanded at their hands. But for an irregularity of this kind, we would not feel justified in ordering a new trial, when urged for the first time after verdict. On this subject, see *Wau-kon-chaw-neek-kaw* v. *The United States*, Morris, 332; *Holliday* v. *The People of the State of Illinois*, 4 Gilm. 711.

This last case is, in many respects, very similar to this, and is a decision of the point now being considered. There, a change of venue was granted, and the transcript showed the finding of the indictment, and contained a copy thereof, and of the proceedings. The records of the county to which the papers were sent, showed that the original indictment was received with the transcript, but there was no certificate to the transcript, showing that the paper so transmitted, was such original indictment; and it was held, that such omission ought not to vitiate the proceedings. See, also, *State* v. *Beauchamp*, 6 Blackf. 299.

It is said, again, that it does not appear that the indictment was found at any term of the court of Delaware county, known to the law. The record shows it to have been found at the "March term, 1856, begun and held by adjournment, on the 15th of April, 1856." This is shown by the caption of the transcript transmitted to Dubuque county, and also by the indictment. Whether this was designed to be a "special term," as provided for in section 1569 of the Code, or a continuance of the March term (that having adjourned over), is not perhaps entirely clear, nor do we think it material. We have no doubt but it would be competent for the grand jury to inquire into offences, if impanneled, whether this is considered an adjourned or special term. If a special term, then the power is expressly given by section 1571 of the Code. If considered as the continuance of the regular March term, then it was the regular grand jury of that term, with full power to inquire

into offences committed in that county. Nor is it necessary that the transcript should show affirmatively, when, or how, or under what circumstances, the regular term was so adjourned. If this is required, why should it not also show, that the proper oath was administered to the grand jury, or whether defendant had an opportunity to challenge the panel, or particular jurors, or that the jurors were all regularly drawn, selected, and summoned, as well as various other matters necessary to be performed or observed, but which need not appear on the transcript affirmatively, to make a conviction regular. The truth is, that after verdict, all such objections come too late. Why were they not made before? If the defendant was not in custody when the grand jury was impanneled, he, at least, was at the time of filing his plea. No reason is shown for not making these objections at that time, or before trial. It is not strictly true to say, that a defendant in such cases, waives nothing by going to trial. He waives many things. It is quite as necessary that this should be so, as that provision should be made for trial at all. What he does waive in the various cases that may arise, it is not necessary now to determine, further than to say, that the objections here urged came too late, without further showing than is here made. We will not presume against the regularity of the proceedings, after verdict, as to those matters which the law does not require to be incorporated or shown by the transcript.

Other objections are urged by the defendant, based entirely upon the alleged insufficiency of the record transmitted from Delaware county, to evidence the jurisdiction of the Dubuque District court. As they are, however, of far less weight than those above noticed, are not relied upon by counsel, as at all prominent, and are virtually disproved of, by the principles above laid down, we pass them, without referring to them in detail.

Judgment affirmed.