## THE STATE OF IOWA *v.* SCHLAGEL.

1. **Practice:** JURY NOT SWORN. The Supreme Court will not disturb a judgment on the ground that the jurors, by whom the case was tried in the court below were not sworn, in the absence of any showing that they were not sworn, or complaint upon that ground in the court below.

2. **Criminal Law:** NAME OF WITNESS. The name of a witness indorsed on the back of the indictment was "J. W. Dillon," and the name of the witness offered was "Jacob W. Dillon:" *Held*, that the variance was not material. (*The State of Iowa* v. *McComb*, 18 Iowa, 43; *The State of Iowa* v. *Ostrander*, Id., 435.)

3. —— ACCOMPLICE. That a witness was an accomplice in the commission of the offense charged, is not established by the fact that he was jointly indicted with the defendant on trial. As to whether he was an accomplice in the commission of the offense is a question for the consideration of the jury in passing upon the credibility to which his evidence is entitled.

4. —— EVIDENCE OF ACCOMPLICE. When the evidence of an accomplice is corroborated by other evidence in any material point, it may be sufficient to convict.

5. **Instructions:** REPETITION. It is not erroneous to refuse instructions which have already been given to the jury.

*Appeal from Dubuque District Court.*

WEDNESDAY, JUNE 28.

THE defendant was indicted jointly with others for the crime of larceny. There was a trial, with verdict of guilty and judgment, and sentence for five years' imprisonment

in the penitentiary, and to the payment of the costs of the prosecution.

Defendant appeals.

*Bissell & Shiras* for the appellant.

*C. C. Nourse*, with *Isaac L. Allen*, Attorney-General, for the State.

COLE, J.—I. The transcript shows "that a jury were impanneled as follows, to wit," &c. But it does not state that the jury was sworn. It is now assigned as error, that the jury was not sworn. After the trial and verdict the defendant moved for a new trial, but does not state as a cause therefor, that the jury was not sworn, nor does such objection anywhere appear to have been made in the District Court. This court simply reviews the action of the District Court, and does not determine questions not made there. If the jury was not sworn, and that fact was made affirmatively to appear, it would be error. But in the absence of any showing or complaint in the court below, it is not unreasonable to presume upon this record, that the jury were duly sworn. *Sharp.* v. *The State of Iowa*, 2 Iowa, 454; *The State of Iowa* v. *Stiefle*, 13 Id., 603.

1. PRAC-TICE: jury not sworn.

II. It is next assigned as error, that the court permitted one Jacob W. Dillon to testify as a witness, when his name was not indorsed on the back of the indictment, nor any notice given that he would be used as a witness. The name on the back of the indictment is "J. W. Dillon," and since no proof was offered showing that J. W. Dillon and Jacob W. Dillon were the same persons, we are asked to reverse the judgment in this case. If such objections ever had any foundation in law, there has been too much progress in jurisprudence to allow them at the present day, and this court has seve-

2. CRIMINAL LAW: name of witness.

ral times so held. *The State of Iowa* v. *McComb*, 18 Iowa, 43; *The State of Iowa* v. *Ostrander*, 18 Id., 433.

III. One Henry Myer was jointly indicted with the defendant in this case, and upon the trial the State introduced said Myer as a witness, and the defendant claimed to have him regarded as an accomplice.

*3.——Accomplice.*

The court instructed the jury, that "Unless the jury believe that Myer was in fact engaged in the stealing of the goods, or aiding some person in so doing, then he was not an accomplice, and his testimony should be regarded the same as that of any other witness."

We are unable to perceive any error in this instruction. The doubt as to the truth of the testimony of accomplices arises from the fact that, upon their own testimony, they stand contaminated with guilt. The fact that Myer was jointly indicted with defendant did not make him an accomplice, unless he was so in fact; nor could the State be properly regarded as being estopped by reason of the indictment from recognizing his innocence, which the law presumes until he is convicted. If he had not been indicted, it would have been competent for the defendant to have shown by his testimony that he was in fact an accomplice, and thus avail himself of the advantages, if any, resulting from such fact. The rule is reciprocal. The fact as to Myer's relation to the case, and his being jointly indicted, were given to the jury, as other facts, to be considered by them.

IV. The court further instructed the jury: "If an accomplice testifies in a criminal case, and is corroborated by other witnesses in any material point, then his testimony when so corroborated is sufficient to convict. Where the charge is larceny, it is a material point to show the possession of the stolen property in the defendant." This instruction is in accordance with the law as laid down by elementary writers. Mr. Roscoe says,

*4.—— evidence of accomplice.*

"the rule is that if the jury are satisfied that he (the accomplice) speaks the truth, in some material part of his testimony, in which they see him confirmed by unimpeachable evidence, this may be ground for their believing that he also speaks truth in other parts as to which there may be no confirmation. So all the authorities agree. Roscoe's Crim. Ev., 156, and authorities cited; 1 Phill. on Ev. (3d vol. 4th Am. from 10th Eng. ed.), 115; *The King* v. *Dawbar*, 3 Starkie, 34.

Our statute (Rev., § 4102) requires corroboration of of an accomplice, connecting the defendant with the commission of the offense; but in this case no question is made on that point.

V. We have examined *seriatim*, and with care, the numerous other instructions given and asked and refused, but find no error in the action of the court below. Some of the instructions asked and refused, contain correct legal propositions, but the same instructions in substance had already been given to the jury. The judgment is

5. INSTRUC-
TION: repe-
tition.

Affirmed.