## STATE v. MALONE ET AL.

1. CRIMINAL LAW: *Taking timber from another's land.*
   The statute of 1838 (section 1658, Mansfield's Digest), making it a misdemeanor to carry away any wood or timber that may be lying upon the ground of the owner, is not repealed by the act of March 17, 1883 (Mansfield's Digest, section 1659).

APPEAL from *Perry* Circuit Court.

Hon. J. B. WOOD, Circuit Judge.

*Dan. W. Jones, Attorney General,* for appellant.

The indictment charges the appellees with a trespass and defines the offense in the words of the statute. *Sec. 1658, Mansfield's Digest.*

A general demurrer was sustained to the indictment. The presumption is that the circuit court sustained the demurrer upon the assumption that section 1658, *supra,* which was a part of the revised statutes, was repealed by sections 1660–62, *ib,* which are parts of the act of March 17, 1883; but upon examination it will be observed that there is no conflict between these sections. Section 1658 makes the simple carrying away any kind of wood or timber that may have been cut down, and that may be lying on the land of any other person, a misdemeanor, without regard to the *intent* of the trespasser; whereas sections 1660 and 1662 require the act to be done "with intent to convert the same to his own use, or the use of his employer or principal."

The demurrer should have been overruled.

SMITH, J. The defendants were indicted for removing wood and timber of the value of $5.00, which had been

cut down and was lying upon the lands of another. The indictment was quashed upon demurrer.

The offense is described in the words of section 1658, of Mansfield's Digest, and the question is whether so much of that section, being a part of the revised statutes of 1838, as makes it a misdemeanor to carry away any kind of wood or timber that may be lying upon the ground of the owner, is impliedly repealed by the act of March 17, 1883 (*Mansfield's Digest, secs. 1659–63.*)

There is no inconsistency between the two statutes, for the earlier statute punishes the trespass without regard to the intent of the trespasser; whereas the later requires the act to be done with intent to convert the property to the use of the taker or that of his employer or principal. *Ib.*, *sec., 1660.*

Again: The later act cannot be regarded as a revision of the whole law of trespass upon real estate and as intended to be a complete substitute for all previous legislation on that subject. Its title is, "An act to protect state lands, and for the regulation and protection of the timber and timber interests of this state."

Reversed and remanded, with directions to overrule the demurrer and require the defendants to plead.