## RUBLE v. STATE.

CRIMINAL PROCEDURE: *Swearing the jury: Waiver.*

In a prosecution for a misdemeanor, it is too late after verdict to object for the first time that the jury, composed of the regular panel and sworn generally for the term, was not also sworn specially as provided in Mansfield's Digest, sec. 2248. The defendant in such case waives his objection to the form of the oath, if he fails to make it before going to trial.

APPEAL from *Boone* Circuit Court.

R. H. POWELL, Judge.

*Crump & Watkins,* for appellant.

Ruble v. State.

The record fails to show that the jury was sworn as prescribed by law.

*Dan. W. Jones*, Attorney General, for appellee.

The ten jurors who tried this case by consent were of the regular panel, who had been sworn, the presumption is, according to sec. 4006, of Mansfield's Digest. The trial was for a misdemeanor, whose punishment was simply a fine. No exception was taken by appellant to being tried by the jury under that oath; and in his motion for a new trial he did not make that a ground for the motion.

Can he complain now? The cases in our reports that we have been able to find, where the failure to swear the jury was held to be a fatal omission on the part of the trial court, were felonies.

COCKRILL, C. J.

This is a conviction for an illegal sale of spirituous liquors. The only error assigned for reversal is that the record fails to show that the jury was specially sworn to try the case. It recites that the defendant, ''for plea, saith that he is not guilty as charged, to which plea the state joins issue, and to try said isue, comes a jury of ten of the regular panel by consent of parties, and after hearing the evidence,'' etc., return a verdict of guilty. This discloses that the jury was composed of the regular panel. The presumption is that the general oath for the term had been administered to them. It is to the effect that they will well and truly try each and all of the issues, inquisitions and other matters submitted to them as jurors at that term of court. But in a criminal prosecution the accused has the right to have the special oath prescribed by sec. 2248 of Mansfield's Digest administered to the jury. It was so determined in *Chiles v. State*, 45 Ark.,

143, and the judgment of conviction of a misdemeanor was reversed in that case, because the court refused to grant a new trial based upon the ground that the jury composed of the regular panel had not been specially sworn. In this case there was no motion for a new trial on that ground, and no objection to going to trial without the administration of the special oath. It is error to deprive a defendant of the right to have the jury sworn specially, but objections to the form of the oath under which a jury tries a cause are likened to objections to the panel, or to the qualification of jurors, which are considered waived unless made when the jurors are offered. Thompson & Merriam on Juries, sec. 288; Proffat on Jury Trials, sec. 203; *State v. Wilson*, 36 La., An. 864; *State v. Schlagel*, 19 Iowa, 169.

The objection to the incompetency of jurors made after verdict avails nothing, even in a capital offence, unless it is shown to have been unknown to the party objecting, and that by proper inquiry it could not have been known before the jurors were sworn. *Cassat v. State*, 40 Ark., 511; *Werner v. State*, 44 Ib., 122.

Swearing jury: Waiver.

While the court has adhered to a strict rule in requiring the records in prosecutions for felony to show that the jury was properly sworn, it has never ruled in a misdemanor that he may not waive the right. A prosecution for a misdemeanor is nearly assimilated by the statute, to the trial of a civil action: the jury is selected, and challenges are allowed as in civil cases; the trial may take place in the defendant's absence; he may waive a jury, or by his consent be tried by a less number than twelve, [*Warwick v. State*, 47 Ark., 568.]; if the offence is punishable by fine alone, the court may set aside a verdict of accquital; and this court is prohibited from reversing a judgment of conviction for any error or irregular-

ity which does not prejudice the accused. *Moore v. State, post, 130.* If the defendant in such a prosecution should expressly waive the right to have the special oath administered to the jury, his consent would estop him from assigning the neglect as error. *Volenti non fit injuria.* Why should he not be held to an implied waiver when the circumstances justify it? In a prosecntion for felony, a prisoner may waive many rights without expressly announcing that he does so. See *Ransom v. State,* 49 Ark., 176; *Johnson v. State,* 43 Ib., 391.

In the *State v. Wilson, supra,* the supreme court of Louisiana says: "Even if the oath were defective in form, advantage cannot be taken of it in a motion for a new trial. Objection should have been made at the time it was administered. It seemed to have been good enough, in the opinion of the prisoner, for the purpose of acquittal, and he cannot take the chances of a favorable verdict, withhold objections that should have been made on the instant, and remit the disclosure of them to the close of the trial." See, too, *State v. Schlagel, supra.* Both cases were prosecutions for felony.

In Thompson & Merriam on juries, it is said: "A favorite ground of objection to the regularity of proceedings in criminal cases, is that the jury were not sworn according to law. When a form of oath is prescribed by statute, that and none other can be administered. Nor in a criminal proceeding will it suffice that the oath prescribed by statute for jurors in civil cases was administered. Such an oath generally differs in terms from that prescribed for jurors in criminal cases, and is in other respects inappropriate in a criminal trial. But after verdict it is too late to object for the first time to the form of the oath administered." Sec. 288.

In New York the statute required the jury to be specially sworn in each case. The panel had been sworn generally at the commencement of the term for all cases, but the twelve jurors selected to try the case of *Hardenburgh v. Crary* were not sworn specially to try that case. The supreme court, where the case was determined, adhered to the above rule, and were of opinion that it was applicable to criminal and civil cases alike. 15 How. Pr. Rep., 309.

The rule exacts of a defendant in a criminal case only that degree of fairness and frankness that ought to characterize the conduct of every judicial proceeding. It certainly applies in trials for misdemeanors.

Affirm.