THE STATE OF IOWA, Appellee, v. WILLIAM THOMPSON, Appellant.

1. **Larceny**: EVIDENCE: POSSESSION OF STOLEN PROPERTY. Where, in a prosecution for the larceny of a sum of money, an accomplice testified that the defendant received a part of the money stolen, *held*, that evidence that after and about the time the larceny was committed the defendant was known to have considerable money in his possession, was admissible in corroboration of the testimony of the accomplice.

2. ———: ———: ———. The accomplice having testified that a knife stolen was like the one found upon the person of the defendant, and identified by the alleged owner as his, and the court having instructed the jury that unless the proof showed that the knife introduced in evidence was the one stolen, the finding of it in the possession of the defendant would not tend to corroborate the testimony of the accomplice, nor to connect the defendant with the commission of the crime, *held*, that the refusal to give an instruction, asked by the defendant, that if the jury found that the defendant was the owner of the knife introduced in evidence, they were not to consider the evidence relating to the knife as testimony corroborating the accomplice, was without prejudice to the defendant.

3. **New Trial**: PRESENCE OF OFFICERS IN JURY ROOM. Where, because of the small size of the room where a jury were deliberating upon their verdict, and of the impurity of the air therein, the jury were permitted about midnight to remove to the court room, where, during the greater part of the time of their further deliberations there were with them a deputy sheriff and bailiff, but it appeared that during most of the time said officers were in one corner of the room, and a part of the time asleep, and that neither of them had any conversation with the jurors, except to tell them to remain away from one of two tables that were in the room, *held*, that there was not such a showing of prejudice as to entitle the defendant to a new trial.

*Appeal from Lyon District Court.*—HON. FRANK R. GAYNOR, Judge.

TUESDAY, MAY 9, 1893.

THE defendant, William Thompson, was convicted of the crime of larceny, and adjudged to be imprisoned in the penitentiary at Anamosa for the period of six months, and to pay the costs. From that judgment he appeals.—*Affirmed.*

*Parsons & Crose,* for appellant.

*John Y. Stone,* Attorney General, and *Thos. A. Cheshire,* for the State.

ROBINSON, C. J.—The appellant, William Thompson, and Oscar Thompson and Robert Dove, were accused by indictment of the crime of larceny, committed by feloniously stealing and carrying away "certain greenbacks, bank bills, gold, silver, and copper coins, * * * one razor, one pair of mittens and one pruning knife," all of which were owned by one Joseph Vachear. A separate trial was awarded to the appellant. He was found guilty, and the value of the property stolen was fixed by the verdict at one hundred and sixty dollars.

It was shown by the testimony of Joseph Vachear that during a part of August, 1891, he made his home at the residence of Levi Messerlie, in Lyon county, and while there slept in the barn loft. He went from there on Wednesday, the nineteenth day of August, leaving in the loft a bundle, which contained one hundred and fifty-five dollars and forty-five cents in money and the other property described in the indictment. The bundle contained a pasteboard box, was tied with a rope, and was over the manger, and near the ladder by means of which the loft was reached. Vachear returned on the twenty-third day of August, and found that the money and other property had been stolen during his absence. On Friday, the twenty-first day of August, the defend-

1. LARCENY: evidence: possession of stolen property.

ants were at Messerlie's for the purpose of threshing, but none was done on that day. The other threshers were away, and a part of the time the defendants were about the barn and in the barn loft. In the afternoon they took a team, and, according to the testimony of Messerlie, went to the threshing machine, which was about a mile and a half distant. After a brief absence they returned, and spent the remainder of the afternoon at the barn. At night, when the other threshers returned, a pasteboard box and a rope six feet long were found in the manger near the ladder. Dove was produced as a witness for the state, and testified that he and his codefendants took the money and knife described in the indictment; that the appellant took the knife, and that the money was counted at the threshing machine, and divided among the defendants.

A jeweler of Rock Rapids was produced as a witness, and asked to tell what he knew, if anything, about Oscar Thompson having considerable money in his possession on the twentieth or twenty-first day of August, 1891. An objection to the question, made by the defendant, was overruled, and the answer was admitted only "as a circumstance to be considered with the other circumstances." In that ruling we think there was no error. The fact that Oscar had a considerable sum of money in his possession at the time specified, considered alone, was of little, if any, value, especially as against the appellant. But the facts testified to by several witnesses tended to show that the property in question was stolen Friday, and, if it was stolen then, that the defendants were guilty of the theft. If Oscar had a considerable sum of money after and about the time the crime was committed, that fact might properly be considered as tending, although but slightly, to corroborate the testimony of Dove and others to the effect that the money in question was stolen by the defendants, and divided among them. The

question objected to was designed to secure proof of a fact which might be material as corroborating evidence, and not a declaration of an accomplice. Therefore the case of *State v. Weaver*, 57 Iowa, 732, relied upon by the appellant, is not in point. As to the corroboration necessary, see *State v. Van Winkle*, 80 Iowa, 21; *State v. Allen*, 57 Iowa, 431; *State v. Hennessy*, 55 Iowa, 299; *State v. Wart*, 51 Iowa, 587; *State v. Thornton*, 26 Iowa, 80; *State v. Schlagel*, 19 Iowa, 169.

II. Vachear testified that he had owned the knife stolen about two years, and he thought that the one introduced in evidence, which was obtained from the appellant early in September, was the one stolen. Dove testified that the one stolen was like the one so introduced. The appellant testified in effect that he purchased it of one Pardee, before he went to Messerlie's to thresh, and his testimony to that effect is corroborated by other witnesses. The appellant asked the court to instruct the jury as follows: "If you find that the defendant is the owner of the knife introduced in evidence, you are not to consider the evidence relating to the knife as testimony corroborating the accomplice, connecting the defendant with the commission of the crime charged in the indictment." The instruction was refused, but in the seventh paragraph of the charge the court instructed the jury, in effect, that unless the proof showed that the knife introduced in evidence was stolen from Vachear, as alleged in the indictment, the finding of it in the possession of the defendant would not tend to corroborate the witness Dove, nor 'to connect the appellant with the commission of the crime. That portion of the charge .was fully as favorable to the appellant as was the instruction asked. Hence the refusal to give it was without prejudice.

III. The appellant complains that two of the court bailiffs were permitted to remain in the room with the

3. New trial: jury while they were considering their ver-
presence of dict. It appears that at about 8 o'clock
officers in jury
room. in the evening the jury retired to their
room, which was about ten by twelve feet in size.
After a time the air became impure, and some of the
jurors complained of being unwell. At midnight they
were permitted to enter the court room, which was
about thirty by forty feet in size, and remained there
until morning. During the greater part of the time
they were in the court room a deputy sheriff and bailiff
were with them. It appears, however, that during
most of the time the officers were in one corner of the
room, a part of the time one of them was asleep, and
neither of them had any conversation with the jurors,
unless to tell them that they must remain away from
one of the two tables which were in the room.

So far as practicable, all persons but the jurors
should be excluded from the jury room while they are
deliberating upon their verdict. The presence of an
officer or other unauthorized person, even though he
say nothing, may tend to restrain that free interchange
of views and discussion between jurors which is desira-
ble, and often necessary, in order that there may be an
intelligent agreement to a just verdict; and the prac-
tice of allowing persons, not jurors, to be present,
should not be tolerated where, by reasonable effort, it
can be avoided. But in this case there seems to have
been some excuse for what was done, and the facts
disclosed by the record indicate that no prejudice to
the defendant resulted from it. The district court had
better means of arriving at the truth of the matter than
we have, and we do not think its action in refusing a
new trial on account of what was done should be dis-
turbed. The judgment is AFFIRMED.