## HANCOCK *v.* STATE.

### Opinion delivered December 12, 1910.

1. LIQUORS—SOLICITING ORDERS IN PROHIBITION TERRITORY—CIRCULARS.—An indictment which charges the defendant with having violated the act of April 1, 1907, making it unlawful to solicit orders for the sale of liquors in prohibition territory, by sending into prohibition territory "a circular in the form of a memorandum book" containing certain advertising matter which is set forth, and thereby soliciting orders for the sale of intoxicating liquors, alleges a violation of the statute. (Page 41.)

2. STATUTE—CONSTRUCTION.—The terms of a statute are to be construed according to their usually accepted meaning in common language. (Page 43.)

Appeal from Searcy Circuit Court; *Brice B. Hudgins,* Judge; affirmed.

#### STATEMENT BY THE COURT.

The indictment, omitting formal parts, is as follows:

"That the said F. M. Hancock, in the county of Searcy, and the State of Arkansas, on the 10th day of December, A. D. 1909, being then and there a licensed liquor dealer in the city of Eureka Springs, Arkansas, unlawfully did solicit orders for intoxicating liquors in territory of this State, in which territory it would be unlawful to make sales of intoxicating liquors, towit: in Tomahawk Township, Searcy County, Arkansas, by then and there sending into said prohibition territory certain advertising matter soliciting orders for the sale of intoxicating liquors by express, the said advertising matter being a circular in the form of a memorandum book, containing the following advertising matter, soliciting orders for the sale of intoxicating liquors, towit:

" 'The Frisco Saloon, Hancock & Long, Props., Oldest Reliable Liquor House in North Arkansas, Wholesale and Retail Wine and Liquor Dealers. All Goods Bought in Bond. No Cheap Blend or Rectified Stuff. We handle all the leading brands. No goods sold to minors. Pick out what you want, and send us your nearest merchant's check, money order or cash, and goods will go out on next train. Freight or express goes every day in the week. Anything you want not on the list write for information to Hancock & Long, Box 142, Eureka

Springs, Arkansas. Price list on the inside. Address orders to F. M. Hancock, Box 142, Eureka Springs, Arkansas.' (Here prices of liquors, for one gallon and half gallon quantities, is set out in the indictment. With $1.50 rebate for empties). 'Will box and ship anything you want. Jugs or bottled goods. Strictly cash house. Telegram, 'phone and credit orders will not be filled to any one. Hancock & Long, Box 142, Eureka Springs, Arkansas. All goods bought in bond. No cheap blends or rectified stuff. We handle all the leading brands. The Frisco Saloon, Hancock & Long, Eureka Springs, Arkansas. Pick out what you want, and send us your nearest merchant's check, money order or cash, and goods will go out on next train. Things to remember. Knowing very well that publicity is not desired by many who purchase whisky, we desire to point out to you why you should be one of our customers. For the past few years several firms in large cities have carried on an advertising campaign, and, in order to pay for it, they are obliged to make their goods of an inferior grade. We are not going in this business on so large a scale, but only desire to secure our share of the business in this section, and in doing this we are going to give our customers goods that are right, and not the kind that is sold cheap and consists of impure ingredients. When you make one purchase from us, we feel satisfied that we can add you to our list, which now contains many of the names of the most prominent men in this section. The goods are pure, and, if you find that they are not as represented, ship them back at our expense, because we are desirous of having pleased patrons. We are located near the famous Basin Spring, and when in Eureka Springs we invite you to make our place your headquarters. "Right treatment to all, and goods at the right price" is our motto. We hope to add you to our patrons, but, in case you do not desire anything in our line, kindly hand this to a friend, who you think will be interested. Inclosed you will find our new price list, which is not subject to any change in price. Thanking you in advance for a future order, we beg to remain,

> " 'Very respectfully,
>> " 'Hancock & Long,
>>> " 'Proprietors Frisco Saloon.'

"Which said advertising matter was sent by express by the said F. M. Hancock from Eureka Springs, Carroll County, Arkansas, in a package, containing a shipment of liquor, to one Bruce McNair, and shipped by express and delivered to him, the said Bruce McNair, at Gilbert, in Tomahawk Township, Searcy County, Arkansas, which said last-named place is in territory wherein the sale of intoxicating liquors is unlawful. Against the peace and dignity of the State of Arkansas."

A demurrer in short was filed to this indictment, and the same was overruled, and exceptions were saved. The case was submitted to the court, sitting as a jury, upon the following testimony:

It was agreed that the appellant was a licensed liquor dealer in Eureka Springs, in the State of Arkansas, and that Tomahawk Township, in Searcy County, Arkansas, is a prohibition district.

Bruce McNair was introduced as a witness, and identified a certain memorandum book, which was introduced in evidence. This memorandum book contains the language set up in the indictment, and there is no contention that there is any variance between the allegations and the proof. The witness testified that he received this memorandum book in Tomahawk Township, Searcy County, Arkansas, the latter part of the year 1909; that is, in November, 1909. That the same came by express, together with a package of alcohol, which had been shipped him by the appellant. The court found the appellant guilty, and assessed his punishment at a fine of two hundred ($200.00) dollars. Motions for a new trial and in arrest of judgment were filed, which were overruled, and exceptions were saved.

*G. J. Crump*, for appellant; *E. G. Mitchell* and *Guy L. Trimble*, of counsel.

The act under which the indictment was brought, being penal, must be strictly construed. 38 Ark. 521; 36 Ark. 64; *Id.* 54; 53 N. Y. 512.

A memorandum book containing advertising matter does not come within the prohibition of the statute. 5 Rev. Stat. U. S. Ann. 831, § § 17, 18, 19; 135 U. S. 255.

*Hal L. Norwood,* Attorney General, and *William H. Rector,* Assistant, for appellee.

The gravamen of the offense consisted in soliciting orders within the prohibited territory. The memorandum book, containing the advertising matter introduced in evidence, supported the indictment and the conviction. 88 Ark. 273; 22 Fed. 708; 1 Fed. 426; 22 Fed. 707; 20 Fed. 625; 7 Fed. Cases, 571; 58 N. Y. Sup. 1108.

WOOD, J., (after stating the facts). The appellant was indicted under an act of April 1, 1907, the first section of which reads as follows: "It shall be unlawful for any liquor dealer * * * engaged in the sale of intoxicating liquors in this State to in any manner, through agents, circulars, posters or newspaper advertisements, solicit orders for the sale of intoxicating liquors in any territory in this State where it would be unlawful to grant a license to make such sales."

The second section provides: "The presence of any such liquor dealer, firm or corporation, through agents or otherwise, in such prohibition territory, soliciting or receiving orders from any person therein shall constitute a violation of this act, and on conviction thereof shall be fined not less than $200 nor more than $500 for each such offense."

The indictment charges appellant with having violated the above statute by sending into the prohibition territory "a circular in the form of a memorandum book" containing certain advertising matter (which is set forth), and thereby soliciting orders for the sale of intoxicating liquor contrary to the statute. The appellant contends that the indictment is fatally defective because the circular is described as being "in the form of a memorandum book," which contained the advertising matter set forth therein soliciting orders for the sale of intoxicating liquors.

Construing this statute in *Zinn* v. *State,* 88 Ark. 273, where advertising matter somewhat similar to the advertising mattter set forth in the indictment was sent in a letter into the prohibited territory, we said: "The gravamen of the offense is the soliciting of orders for the sale. It is the presence of the circular there for the unlawful purpose of soliciting that the statute denounces and prohibits, not the method by which they may be

conveyed there or distributed." We may repeat here that the gravamen of the crime under this statute is the soliciting of the orders for the sale of intoxicating liquors in prohibited territory. The Legislature in the act under consideration undertook to prohibit the soliciting of such orders by means of circulars, using the term to include any paper containing any written or printed matter, in whatever form issued, that showed upon its face, or bore internal evidence of the fact, that it was intended to be sent to several persons, or was intended for general circulation. Written or printed matter, in the meaning of this statute, which is intended to be issued to a great number of persons or for general circulation is a circular, notwithstanding it may be issued in the form of a memorandum book or some other form. Kinney's Law Dict. "Circular;" 2 Words & Phrases, "Circular;" Anderson's Law Dict., "Circular;" Webster's New Int. Dict., "Circular." As thus used, the term "circular" does not contravene the definition of the terms "circular" and "circulars," as those terms are used in classification for postal purposes. In the Federal Statutes Annotated, the term "circular" is defined to be "a printed letter, which, according to the internal evidence, is being sent in identical terms to several persons." Vol. 5, § 18, p. 831.

Printed matter is defined to be "the reproduction upon paper, by any process except that of handwriting, of any words, letters, characters, figures or images, or any combination thereof not having a character of an actual personal correspondence." Vol. 5, sec. 19, p. 831. "Mail matter of the third class shall embrace books, transient newspapers, and periodicals, circulars, and other matter wholly in print." 5 Sec. 17, p. 831.

In the case of *United States* v. *Clark,* 22 Fed. Rep. 708, it is held that a schedule setting out the prices offered in a lottery, printed on the back of all lottery tickets, sent out for a particular drawing, is a "circular" within the meaning of the Revised Statutes, § 3894, forbidding the mailing of any letter or *circular* concerning lotteries." See also other cases cited in appellee's brief. The character of the matter set forth in the indictment as contained in the memorandum book shows clearly that it was intended to be for several persons or general circulation among those who might be persuaded thereby to

become customers of the saloon of which appellant was one of the proprietors. The matter constituted a printed circular sent in the form of a memorandum book. It was the substance of the circular, not the form thereof, that the Legislature had in mind when it enacted the statute. We must construe the terms according to their "usually accepted meaning in common language," for that is the sense in which they must be supposed to have been used by the Legislature. See *People* v. *McLaughlin*, 68 N. Y. Sup. 1108.

The indictment was valid, and the evidence shows that appellant has committed the offense charged.

Affirm.