## MEADORS *v.* STATE.

### Opinion delivered October 15, 1917.

1. TIMBER—UNLAWFUL CUTTING.—Sections 1901 and 1902 of Kirby's Digest, providing a penalty for cutting and destroying timber, the one denouncing the crime as a misdemeanor and the other as a felony, *held* not inconsistent.

2. CRIMINAL LAW—MISDEMEANOR—FAILURE TO SWEAR JURY.—After verdict it is too late to object for the first time that the jurors were not sworn in accordance with the statute.

3. EVIDENCE—CUTTING AND DESTROYING TIMBER.—Defendant was charged with the crime of cutting and destroying timber. A witness was permitted to testify that he saw defendant peeling some locust posts at a certain place, but did not know whether it was on the land mentioned in the indictment. Other witnesses testified that they saw defendant peeling trees on the land mentioned in the indictment. *Held,* this testimony was competent.

Appeal from Crawford Circuit Court; *James Cochran,* Judge; affirmed.

*J. E. London,* for appellant.

1. This was a felony, and the record fails to show that defendant pleaded to the indictment or that the jury were sworn. 37 Ark. 61.

2. The evidence fails to warrant a conviction. Incompetent testimony was also admitted.

*John D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for appellee.

1. No objections were made to the case proceeding to trial. The objection comes too late on appeal. 79 Ark. 293; 51 *Id.* 126; 56 *Id.* 488; *Ib.* 4. It is too late after verdict. 40 Ark. 511; 44 *Id.* 122; 36 La. Ann. 804; 19 Ia. 169; 86 Ark. 360; 55 *Id.* 342; 51 *Id.* 130.

2. There is no valid bill of exceptions. 55 Ark. Law Rep. 322; 103 *Id.* 44; 96 *Id.* 175.

3. The evidence sustains the verdict, but a judgment will not be reversed for insufficiency of the evidence where the evidence has not been brought to this court by a valid bill of exceptions. 105 Ark. 121.

McCULLOCH, C. J. The defendant was indicted for the offense of cutting down and destroying growing timber, of the value of $100.00, on certain lands of another, which constituted a felony under the statute providing that if any one shall, without lawful authority, etc., enter upon land belonging to the State, or any corporation or person "and shall cut down or destroy, or cause to be cut down or destroyed, any tree or trees standing or growing thereon, of the value of more than ten dollars  *  *  *  shall be deemed guilty of a felony." Kirby's Digest, Sec. 1902.

(1) The trial jury returned a verdict finding the defendant guilty of a misdemeanor and assessed his fine at the sum of $50.00. The statute under which the conviction was had is a part of the Revised Statutes, and is found in Kirby's Digest as Sec. 1901, and provides that every person who shall wilfully commit any trespass "by cutting down or destroying any kind of wood or timber  *  *  *  shall upon conviction be adjudged guilty of a misdemeanor and be fined in any sum not less than fifty dollars." This court held in *State* v. *Malone,* 46 Ark. 140, that the Act of 1883 (Kirby's Digest, Sec. 1902, referred to above) did not repeal the former statute, and

that there was no inconsistency between the two statutes. The defendant was, therefore, properly convicted of a misdemeanor under this indictment.

(2)  It is insisted that the judgment should be reversed for the reason that the record fails to show affirmatively that the jurors were specially sworn as provided by statute. Kirby's Digest, Sec. 2373. The record is entirely silent as to any oath being administered to the jurors, or as to any objections or requests of the defendant on that subject, and the motion for new trial does not contain any assignment of error in that respect. The question is raised here for the first time in the case. This court held in *Ruble* v. *State,* 51 Ark. 126, that in a prosecution for misdemeanor it is too late after verdict to object for the first time that the jurors were not sworn in accordance with the statute. It was held that the defendant under those circumstances is deemed to have waived his objections to the failure of the court to have the oath administered to the jurors. The present case is ruled by that decision, for the verdict of the jury eliminated the felony charge and brings the case within the rule governing trials of misdemeanor cases. We are not called upon to decide whether or not this would constitute a waiver in a felony case.

(3)  It is next insisted that the court erred in one of its rulings on the question of admissibility of certain testimony. One of the witnesses introduced by the State testified that he saw the defendant peeling some locust posts at a certain place, but he did not know whether it was on the land mentioned in the indictment. Two other witnesses were permitted to testify that the other witness, Norris by name, pointed out to them the spot where he said that he saw the defendant peeling the trees, and those witnesses testified that the spot so designated by Norris was on the land described in the indictment. This did not constitute hearsay testimony within the meaning of the law, for it tended to identify the particular place where the offense was alleged to have been committed. The testimony of Norris showed that the timber was cut,

and his designation of the particular place in connection with the testimony of the other two witnesses completed the identification. *Smith* v. *State,* 90 Ark. 435.

It is also contended that the evidence is not sufficient to sustain the verdict, but the testimony above referred to was, we think, sufficient to make out the case if accepted by the jury as true.

Judgment affirmed.