DAVIS *v.* STATE.

Opinion delivered June 9, 1919.

1. MALICIOUS MISCHIEF—CUTTING DOWN TREES.—Kirby's Digest, section 1902, providing that it shall be a felony knowingly to enter upon the lands of any person and cut down or destroy any tree or trees standing or growing thereon of the value of more than ten dollars, it is a felony knowingly to enter upon another's land and cut down fruit trees which, while standing, were worth more than ten dollars, though worthless after being cut down.

2. SAME—INTENT.—Under Kirby's Digest, section 1902, the intent to convert trees cut down or destroyed to one's own use is not an element of the offense.

3. SAME—FAILURE TO FIND VALUE OF TREES DESTROYED.—Kirby's Digest, section 1906, providing that "in case the accused be found guilty, the value of the timber so cut down, destroyed sawed or carried away shall be stated in the finding or verdict," is directory merely, and the failure to insert in the verdict the real value of the trees in excess of ten dollars could not affect defendant's guilt or innocence.

Appeal from Benton Circuit Court; *W. A. Dickson,* Judge; affirmed.

*Mauck & Seamster,* for appellant.

The court erred in overruling the demurrer and in giving instruction No. 1. Kirby's Digest, § 1902. This statute does not include fruit trees. In construing a statute inapt words should be disregarded and the intent gathered from the whole act read in connection with its title and evident purpose. 86 Ark. 518. Penal statutes are construed strictly and the general words should be restrained for the benefit of him against whom the penalty is inflicted. An offender must fall both within the words and the mischief to be remedied. See 6 Ark. 131; 53 *Id.* 334; 40 *Id.* 97; 43 *Id.* 413.

The real intention when ascertained will always prevail over the literal. 28 Ark. 200; 37 *Id.* 491; *Ingle* v. *Batesville Gro. Co.,* 89 Ark. See also 46 Ark. 140. Fruit, ornamental or shade trees do not fall within the statute. See section 1901, Kirby's Digest.

Appellant could not possibly be guilty of anything but a misdemeanor under the law and evidence.

*John D. Arbuckle,* Attorney General, and *Robert C. Knox,* Assistant, for appellee.

Section 1902 of Kirby's Digest is the law of this case and not section 1901 as contended by appellant. The statute is plain and unambiguous and needs no construction, as the offense falls clearly within its terms. 93 Ark. 42; 11 *Id.* 44; 56 *Id.* 110. The Legislature must be understood to mean what it clearly expresses and this excludes construction. 65 Ark. 521. Statutes are construed according to their usual accepted meaning in common language. 97 Ark. 38; 28 *Id.* 200. Courts may not add to a statute words which substantially add to or take from it as framed. 104 Ark. 583. If the Legislature makes no exception in a statute, the courts can make none. 16 Ark. 671; 59 *Id.* 297; 6 *Id.* 14; 42 *Id.* 121; 62 *Id.* 585. See also 59 *Id.* 237. There is no other act repugnant to or which limits section 1.

There is no conflict between sections 1901 and 1902, and section 1902 does not repeal section 1901. 46 Ark. 140; 130 *Id.* 471.

Appellant says that the verdict failed to state the value of the trees destroyed as directed by section 1906, Kirby's Digest, but this is only mentioned in the motion for new trial, and the verdict was received by the court without any exceptions as to its form by appellant and he cannot complain now. 45 Ark. 524; 90 *Id.* 482. But section 1906 is directory merely, not mandatory. 98 Ark. 505; 34 *Id.* 491; 52 *Id.* 275; 21 *Id.* 329; 26 *Id.* 321-328.

On the whole case section 1902 clearly defines the crime and there are no errors of law and the verdict is sustained by the evidence.

HUMPHREYS, J. Appellant was indicted, tried and convicted of a felony, in the Benton Circuit Court, under section 1902 of Kirby's Digest, for unlawfully, maliciously and feloniously cutting down ten apple trees growing upon the land of Julius Giger and Henry Giger in said county and State, and one year's imprisonment was imposed upon him as a punishment therefor. From the judgment of conviction an appeal has been duly prosecuted to this court.

The evidence tended to show that, on or about the 10th day of October, 1918, appellant, who had had a dispute or quarrel with his employers, Julius Giger and Henry Giger, the owners of an apple orchard near Bentonville, Arkansas, consisting of about 65 acres of 17-year-old apple trees and some resets, entered the orchard in the night time and cut down 75 or 80 apple trees of the value of $1,000, and injured others by cutting the limbs off and hacking them; that the trees so cut down and injured were of the value of about $1,000 as fruit trees, but were of nominal value, only, as wood or timber trees, and had to be hauled to the brush heap and burned.

Over the objection and exception of appellant, the jury were instructed, in substance, that, if they found from the evidence beyond a reasonable doubt that appellant cut down and injured the trees at the time and in the manner alleged in the indictment, and that they were of the value of more than $10, they should find him guilty and assess his punishment at imprisonment not exceeding two years; but, if they found from the evidence beyond a reasonable doubt that appellant cut down and damaged the trees at the time and in the manner charged in the indictment, and that said trees were of the value of $10 or less, they should find the defendant guilty of malicious mischief and assess his fine at not less than $50. Appellant requested instructions to the effect that the value of the trees should be determined by the jury according to their market value as timber, and not their estimated value as fruit trees. The instructions requested by appellant upon the method of valuing the trees were

each refused and proper objections and exceptions were made and saved to the ruling of the court in refusing to give said instructions.

It is insisted by appellant that section 1902 of Kirby's Digest, under which appellant was indicted, which is section 1 of the act of March 17, 1883, does not include the destruction of, or injury to, fruit trees. Said section reads as follows:

"Any person who shall, without lawful authority, wilfully and knowingly enter upon any lands belonging to this State, or any lands belonging to any corporation or person, and shall cut down or destroy, or cause to be cut down or destroyed, any tree or trees standing or growing thereon, of the value of more than ten dollars, or any person who shall induce, assist, aid or abet any other person so to do, shall be deemed guilty of a felony, and shall upon conviction be punished by imprisonment, at hard labor, in the State penitentiary not more than two years."

It will be observed that there is no ambiguity in the language used in the section. In plain terms, it is made a felony by the section just quoted to wilfully and knowingly enter upon the lands of the State, any corporation or person and destroy or injure "any tree or trees" standing or growing on said land. Giving each word in the section its ordinary meaning, all kinds of trees, whether timber, fruit, ornamental or shade, are included under the rules for the construction of statutes laid down by this court in the cases of *McNair* v. *Williams,* 28 Ark. 200; *Geary* v. *Parker,* 65 Ark. 521; *Hancock* v. *State,* 97 Ark. 38. As suggested by the Attorney General, in order to place the interpretation contended for by appellant upon section 1902 of Kirby's Digest, it would be necessary to insert the word "timber" before the word "tree" or to add an exception to the section of "fruit trees." This addition or exception would conflict with the rule of this court laid down for the construction of statutes in the case of *Hodges* v. *Dawdy,* 104 Ark. 583. By reference to section 1906 of Kirby's Digest, which was section

5 of the act of March 17, 1883, being the same act in which section 1902 of Kirby's Digest appears as section 1, it is apparent that the Legislature did not intend to limit the kind of trees cut to *timber* trees. The following language appears in the latter part of section 1906 of Kirby's Digest, or section 5 of the act of March 17, 1883: "It shall not be necessary to allege in the indictment, or prove on the trial, the kind of trees, timber, lumber, staves or shingles cut, destroyed or carried away; * * * ."

It is urged by appellant that the crime charged against him is not included in section 1902 of Kirby's Digest because specifically defined in section 1901 of Kirby's Digest. Section 1901 not only defines malicious mischief as destroying or injuring "any kind of wood or timber, standing or growing upon the lands of any other person," but also characterizes the destruction or injury of "any fruit, ornamental or shade trees" a crime. The use of the words "wood or timber" in section 1901 might have reference to only trees growing which could be converted into "wood or timber" and, in order to include all kinds of trees, it was necessary to specifically designate the other kinds of trees as fruit, ornamental or shade trees. It was not necessary, however, to add "fruit, ornamental or shade trees" in section 1902, as the use of the words "any tree or trees" would include, necessarily, all kinds of trees. It will be observed that section 1902 of Kirby's Digest makes the same trespass a felony if the value of the tree or trees destroyed or injured exceed $10 in value. So, from that fact, it is quite clear that there is no conflict in the statutes. A party might be prosecuted under either. This court said in the case of *Meadows* v. *State,* 130 Ark. 471, in an indictment for a felony under section 1902 of Kirby's Digest, that the defendant could be convicted for a misdemeanor under section 1901 of Kirby's Digest, for the reason that section 1901 of Kirby's Digest was not repealed by section 1902 of Kirby's Digest, because there was no inconsistency between the two sections. This conclusion was necessarily reached because section 1901 made the trespass a

misdemeanor, and section 1902 made it a felony if the value of the trees exceed $10. It is true in the case of *State* v. *Malone,* 46 Ark. 140, that Mr. Justice SMITH, in holding that there was no inconsistency between the two statutes, said that ''the earlier statute punishes the trespasser without regard to the intent of the trespasser; whereas the later requires the act to be done with intent to convert the property to the use of the taker or that of his employer or principal.'' In that case, the learned justice was not dealing with section 1902 but 1903 of Kirby's Digest. Section 1903 of Kirby's Digest is clearly a larceny statute involving the question of intent. Section 1902 of Kirby's Digest does not make the intent to convert the property to one's own use an element of the crime any more than does section 1901.

It is next insisted by appellant that reversible error was committed because the value of the timber was not ascertained by the jury and included in the verdict. It is provided in section 1906 of Kirby's Digest that ''in case the accused be found guilty, the value of the timber so cut down, destroyed, sawed or carried away shall be stated in the finding or verdict.'' We think the only purpose and intent of said section 1906 was to form a basis for civil liability. It was necessary under the instructions of the court for the jury to find that the trees exceeded $10 in value before they could convict appellant. The failure to insert in the verdict the real value of the trees in excess of $10 could not affect appellant's guilt or innocence. The statute is directory and not mandatory.

Lastly, appellant insists that the judgment should be reversed because the court erred in refusing to instruct the jury that, in ascertaining the value of the trees destroyed or injured, they must determine it by their market value as timber, and not their estimated value as fruit trees. The rule for measuring the value of such trees, defined in the requested and refused instructions, does not conform to the rule announced by this court in the case of *Laser* v. *Jones,* 116 Ark. 206. The rule therein

announced is the criterion by which the value of fruit trees should be determined.

No error appearing in the record, the judgment is affirmed.

McCULLOCH, C. J., (dissenting). It is not the contention of appellant's counsel that there can be no conviction under this indictment for cutting down fruit trees, but their contention is that the statute under which the indictment was framed makes the market value of severed trees the test in fixing the value for the purpose of determining the degree of the offense. Cutting down fruit or ornamental trees is made an offense by this statute where they possess market value after being severed from the soil, but, according to the contention of counsel, the value of such trees as part of the soil is not to be considered. It is a felony under this statute to cut down a tree which possesses a market value of more than $10, even though it is a fruit tree or one used for ornamental purposes.

I think counsel are correct in their interpretation of the statute and that appellant should not have been convicted under this statute, but the penalty should have been imposed under section 1901 of Kirby's Digest, which makes it a misdemeanor, punishable by fine in any sum not less than $50, if a person "shall wilfully commit any trespass by cutting down or destroying any kind of wood or timber, standing or growing upon the lands of any other person, or carry away any kind of wood or timber that may have been cut down and that may be lying on such land, or shall maliciously cut down, lop, girdle or otherwise injure any fruit, ornamental or shade tree," etc.

There is no proof at all that the fruit trees severed from the soil had any value as fallen trees. Appellant's offense was merely an act of wilful trespass and deserved punishment which it was within the power of the court or jury to inflict under the statute just referred to. The statute quoted in the opinion of the majority is sec-

tion 1 of a statute approved March 17, 1883, entitled
"An act to protect State lands, and for the regulation
and protection of the timber and timber interests of this
State." Section 2 of the statute makes it a felony for
any person to carry away any trees, logs, timber, lumber,
staves or shingles of the value of more than $10 cut from
the lands of another with intent to convert the same to
his own use. Section 4 of the statute, which is carried
forward into Kirby's Digest as section 1905, reads as
follows:

"If the trees so cut down or destroyed, or if the
parts of trees, timber, lumber, staves or shingles made
therefrom so taken and carried away, or so sawed at any
sawmill, shall not exceed in value the sum of ten dollars,
the person so offending shall be deemed guilty of petit
larceny, and shall be punished accordingly."

At the time of the enactment of this statute, Kirby's
Digest, section 1901 was then in force as part of the Re-
vised Statutes, and this court, in the case of *State* v. *Ma-
lone,* 46 Ark. 140, construed the two statutes for the pur-
pose of determining whether or not the act of 1883 re-
pealed the former statute. In that case the defendant
was indicted under the old statute for removing wood
and timber of the value of $5 from the land of another,
and the contention was that the old statute was repealed
by the act of 1883. The circuit court so decided, but this
court on appeal held that the old statute had not been re-
pealed, and, in disposing of the matter, said:

"There is no inconsistency between the two statutes,
for the earlier statute punishes the trespass without re-
gard to the intent of the trespasser; whereas the later
requires the act to be done with intent to convert the
property to the use of the taker or that of his employer
or principal. Again: The later act cannot be regarded
as a revision of the whole law of trespass upon real
estate and as intended to be a complete substitute for all
previous legislation on that subject. Its title is, 'An act
to protect State lands, and for the regulation and protec-
tion of the timber and timber interests of this State.'"

The question came before this court again in the case of *Meadors* v. *State,* 130 Ark. 471, where the defendant was indicted under the new statute for a felony in cutting timber of the value of $100, but was convicted of a misdemeanor under the old statute and fined $50. We followed the Malone case, *supra,* in holding that the old statute had not been repealed and that under it the defendant could be convicted of a misdemeanor. The Malone case was not merely an interpretation of one section of the act of 1883, but it constituted an interpretation of the whole statute and distinguished it from the purpose and operation of the old statute. In fact, Kirby's Digest, section 1905, which is section 4 of the act of 1883, does not say anything about the intention of the party in cutting down or removing trees, but this court in the Malone case characterized it as a larceny statute, guilt under it being dependent upon the intention of the party in cutting or removing the timber.

If the statute means what the majority in this case decides that it means, then the court was wrong in deciding in the Malone case that the old statute was not repealed, for under the view now expressed by the majority, all of the provisions of the old statute were swallowed up in the later statute. This is so under the rule of interpretation so often announced by this court concerning implied repeals, that a later statute repeals a former one without express words to that effect where it covers the entire subject-matter embraced in the old statute. If the statute be given the meaning which was attributed to it in the Malone case, then counsel for appellant are correct in their contention that the test of value in determining the degree of the offense is the market value of the severed trees, and there was no evidence to sustain a conviction in this case under the act of 1883, for the reason that no market value was proved, and the evidence showed that the cutting down of the trees was merely an act of vandalism without any intention to convert the timber to the use of the trespasser. In other words, it was merely a trespass upon the lands

which was punishable as a misdemeanor under section 1901.

The rule announced in *Laser* v. *Jones,* 116 Ark. 206, should not be applied, for that case dealt with the trespass statute (Kirby's Digest, section 7976), which authorizes recovery of treble damages, damages for cutting down, injuring, destroying and carrying away growing trees, whether used as shade trees, timber, or otherwise. That statute provides for the recovery of damages for the trespass, whilst under the act of 1883 prescribing the punishment for the cutting down or removal of timber, the value of the timber itself is made the test.

WOOD, J., concurs in this opinion.