*Richardson & Richardson,* for appellant.

*E. L. Holloway,* for appellees.

HUMPHREYS, J. Appellant brought this suit against appellees in the circuit court of Randolph county to recover damages for an injury he received in constructing a gin in said county for appellees caused through appellees' alleged negligence.

He procured service on appellees by serving a summons upon their agent who was operating the gin for them. Appellees were operating the gin under the firm name of Snodgrass & Woods and were co-partners in the ownership and operation of the gin at the time the summons was served upon their agent in charge of the place of business. One member of the partnership resided in Missouri and the other resided in another county of this state. Neither one of them lived or resided in Randolph county, and they had only one place of business in the state which was the operation of the cotton gin in Randolph county.

Service upon the partnership was attempted under act 74 of the Acts of 1935, which is as follows:

"An Act to Fix the Venue and Provide for Service Upon an Individual, Firm, Co-partnership or Association Engaged in Business in this State.

"Whereas, large and numerous business enterprises of various kinds are being operated in the state of Arkansas by individuals, firms, co-partnerships and association of persons, and under the law as it now exists the venue for suits against them is fixed in the county of their residence or where such person or a member of the firm, co-partnership or association may be found, and in many instances this works to the disadvantage of those who deal with such person, firm, co-partnership or association by requiring the person so desiring to sue to go to the place of residence of such person, firm, co-partnership or association, and it is the purpose of this act to relieve this situation: Therefore *"Be It Enacted by the General Assembly of the State of Arkansas:*·

"Section 1. An action, other than those mentioned in §§1164, 1165, 1166, 1167, 1168, 1169, 1170, 1172, 1173, 1174, 1175 of Crawford & Moses' Digest of the statutes of Arkansas, against a person, firm, co-partnership or association engaged in business in this state which has or maintains more than one office or place of business in this state, may be brought in any county in which such person, firm, co-partnership or association maintains any office, branch office, sub-office or place of business and service of process upon an agent of any such person, firm, co-partnership or association at any such office, branch office, sub-office, or place of business shall be service upon such person, firm, co-partnership or association.

"Section 2. All laws and parts of laws in conflict herewith and especially so much of § 1176 of Crawford & Moses' Digest of the statutes of Arkansas be and they are hereby repealed."

Appellees appeared specially for the purpose of filing a motion to quash the service of summons and for no other purpose alleging that appellees were a co-partnership operating one gin only in the state of Ark-

ansas and no other; that O. L. Woods resided at Corning, Arkansas, in Clay county, and that Harrison Snodgrass resided at Neeleyville, Missouri; that service was attempted by serving a summons on Dan Snodgrass, who was employed by appellees as manager of the gin in Randolph county, and that the service was unauthorized and void.

Upon a hearing of this cause the court sustained same and quashed the summons against appellees to which ruling of the court appellant objected and excepted and electing to stand upon the service of summons the court entered judgment against appellant, whereupon the cause was dismissed for want of jurisdiction of the person of appellees and thereupon appellant prayed and was granted an appeal to this court.

The sufficiency of the service is governed by act 74 the Acts of 1935 quoted above and appellant contends that the act authorized service upon a partnership which maintains only one place of business in this state by serving a summons upon the agent of the partnership in charge of said business. Section 1 of the act provides specifically that suit may be brought against any firm, person, co-partnership or association which has or maintains more than one office or place of business in this state, in any county in which it maintains a place of business, and that service may be had upon any agent of such person, firm or co-partnership. The construction placed upon the act by appellants is contrary to the plain and unambiguous wording of the act. If the plain language of the act was ambiguous there might be some foundation for appellant's construction thereof. The language of the act is so plain that it needs no construction, and it is the duty of this court to ascribe to the statute the meaning evidenced by the plain and unambiguous language used. *St. L. I. M. & So. Ry. Co.* v. *Waldrop,* 93 Ark. 42, 123 S. W. 778; *Hancock* v. *State,* 97 Ark. 38, 133 S. W. 181, Ann. Cas. 1912C, 1032.

The service was insufficient under said act, and the judgment quashing the service and dismissing the complaint was correct.

The judgment is, therefore, affirmed.